UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>PAUL PRESLEY,<br><br>            Defendant. | CASE NO. CR07-5058BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE OF DEFENDANT'S SEXUAL INTEREST IN CHILDREN AND GRANTING GOVERNMENT'S MOTION IN LIMINE TO ADMIT 911 RECORDING AND TRANSCRIPT |

This matter comes before the Court on the Government's Motion In Limine to Admit Evidence of Defendant's Sexual Interest in Children (Dkt. 52) and the Government's Motion in Limine to Admit 911 Recording and Transcript (Dkt. 49). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants in part and denies in part the Government's Motion In Limine to Admit Evidence of Defendant's Sexual Interest in Children (Dkt. 52) and grants the Government's Motion in Limine to Admit 911 Recording and Transcript (Dkt. 49).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Defendant Paul Presley is charged with four counts of possession of child pornography and one count of receiving child pornography in violation of 18 U.S.C. §§

ORDER - 1

2252A(a)(2)(A), (b)(1), and 2256. Dkt. 65. Pending before the Court are two motions in limine filed by the Government.

First, the Government seeks a ruling that evidence of Mr. Presley's sexual interest in children is admissible under Federal Rules of Evidence 404(b) and 403. Dkt. 52. Specifically, the Government will seek to admit evidence that Mr. Presley possessed child erotica, that Mr. Presley asked his minor daughter to expose herself to him, and that Mr. Presley stored nude images of his daughter on his computer. Dkt. 52. Second, the Government seeks to admit a 911 recording and transcript. Dkt. 49.

While the motions were pending, Mr. Presley obtained new counsel. Dkt. 115. Mr. Presley's new counsel was afforded an opportunity to supplement Defendant's response, and has done so. Dkt. 117. The Court has considered Defendant's supplemental materials, and the motions are now ripe for decision.

## II. EVIDENCE OF DEFENDANT'S SEXUAL INTEREST IN CHILDREN

Evidence of other crimes or wrongs is inadmissible to prove a defendant's character in order to show that a defendant acted in conformity with that character. Fed. R. Evid. 404(b). Such evidence may be admissible for other purposes, including proof of motive or absence of mistake. *Id.* Evidence tending to show motive may be relevant even if motive is not an element of the charged conduct. *See United States v. Bradshaw*, 690 F.2d 704, 708 (9th Cir. 1982).

To determine whether such evidence is admissible, courts consider whether (1) evidence tends to prove a material issue; (2) the prior act is remote in time; (3) there is sufficient evidence to support a finding that the defendant committed the prior act; and (4) if knowledge and intent are at issue, whether the act is similar to the offense charged. *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994).

If the evidence serves a permissible purpose under Rule 404(b), exclusion of the evidence may be justified under Rule 403 if the evidence threatens to cause unfair prejudice, confuse the issues, mislead the jury, cause undue delay, or present cumulative

ORDER - 2

evidence. *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007); Fed. R. Evid. 403. Merely inflammatory evidence need not be excluded under Rule 403; to fall within the rule, the evidence must have a tendency to entice the jury to decide the case on an improper basis. *United States v. Dhingra*, 371 F.3d 557, 565 (9th Cir. 2004).

**A.  CHILD EROTICA**

The first category of evidence professedly demonstrating Mr. Presley's sexual interest in children consists of "child erotica," or pornography featuring adult women advertised as "barely legal." Dkt. 52 at 1. Analyzed under the four prongs listed above, this evidence is admissible under Rule 404(b).

First, the evidence is material. Mr. Presley's possession of sexual imagery of young females touted as "barely 18" and "the youngest girls allowed by law" tends to prove his attraction to children and, therefore, his motive. *See Bradshaw*, 690 F.2d at 708. Second, remoteness is not an issue with respect to this evidence because these items were found in Mr. Presley's home and on his computer around the time of his arrest. Third, Mr. Presley admitted that pornography seized from his residence belonged to him and does not contest whether there is evidence sufficient to support a finding that Mr. Presley possessed child erotica. *See* Dkt. 104 at 8 (Defendant's Response). Fourth, Mr. Presley may contend at trial that he possessed child pornography by mistake, and Mr. Presley's knowledge is an element of the Government's burden of proof. *See* Model Crim. Jury Instr. 9th Cir. 8.154 (2003). In addition, the act of possessing child erotica is sufficiently similar to the act of possessing child pornography.

Finally, the probative value of this evidence is not substantially outweighed by a risk of unfair prejudice. Evidence that Mr. Presley possessed child erotica is probative because it suggests that Mr. Presley is sexually attracted to children and would tend to demonstrate that Mr. Presley's possession of child pornography was knowing. There is a danger that this evidence, that Mr. Presley possessed apparently legal pornography, will prejudice the jury against Mr. Presley. There is also a danger that the jury will use this

ORDER - 3

evidence to infer propensity, analogizing Mr. Presley's possession of legal pornography to possession of illegal pornography and finding him guilty on that basis. The risk of such prejudice can be remedied with an instruction to the jury and does not outweigh the highly probative nature of the evidence. In this respect, the Government's motion is granted.

**B.   EXPOSURE EVIDENCE**

The second category of evidence that is the subject of the Government's Motion In Limine to Admit Evidence of Defendant's Sexual Interest in Children (Dkt. 52) is evidence that Mr. Presley's fourteen-year-old daughter exposed herself to him upon his request. As explained more fully below, the Court concludes that this evidence is not admissible under Rule 403.

First, the evidence is relevant to establishing Mr. Presley's sexual attraction to children, a material issue. Second, this evidence is not too remote from the charged conduct to be admissible under Rule 404(b).  Mr. Presley allegedly requested that his daughter, J.P., expose herself to him when she was fourteen. J.P. is now either sixteen or seventeen. Dkt. 52 a 2. Even if the event occurred three years ago, this length of time is insufficient to bar admission. *See, e.g.*, *United States v. Estrada*, 453 F.3d 1208, 1213 (9th Cir. 2006) (ten years); *United States v. Martinez*, 182 F.3d 1107, 1110-11 (9th Cir. 1999) (ten years permissible because the defendant was incarcerated during the intervening time); *United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989) (thirteen years permissible because of strong similarity to charged conduct). Third, there is not yet evidence before the Court that is sufficient to support a finding that Mr. Presley asked his minor daughter to expose herself to him. Fourth, the event at issue and the charged conduct are sufficiently similar.

While the evidence that Mr. Presley asked his daughter to expose herself is admissible under Rule 404(b), the risk of unfair prejudice substantially outweighs the probative value of the evidence. There is a danger that this evidence will prejudice the

ORDER - 4

jury against Mr. Presley, particularly due to Mr. Presley's familial relationship with his daughter. There is an even greater danger that the jury will punish Mr. Presley for his actions towards his daughter by finding him guilty of possessing child pornography. The danger of unfair prejudice outweighs the minimal probative value of Mr. Presley's alleged attraction to children. In this respect, the Government's motion is denied.

## C.     NUDE PICTURES OF J.P.

The third category of evidence the Government seeks to admit is evidence that Mr. Presley stored nude images of his daughter on his computer. According to the Government, J.P. took nude pictures of herself and stored them on her computer. The Government contends that Mr. Presley's computer contained the nude pictures of J.P. and seeks to admit the pictures to rebut Mr. Presley's contention that he downloaded child pornography accidentally because Mr. Presley stored the downloaded child pornography in the same folders containing the nude pictures of J.P. As explained below, this evidence is not admissible under Rule 403.

First, Mr. Presley's possession of nude pictures of his daughter tends to prove a material issue. While the Court is not yet aware of the circumstances under which J.P.'s photos were put on Mr. Presley's computer, this evidence demonstrates Mr. Presley's sexual interest in children. Moreover, the evidence would tend to rebut Mr. Presley's claim that he mistakenly downloaded child pornography. Second, this evidence is not too remote. Mr. Presley's daughter took the pictures of herself when she was in seventh or eighth grade. Dkt. 52 at 3. J.P. is now either sixteen or seventeen. *Id.* at 2. Third, there is not yet evidence sufficient to support a finding that Mr. Presley possessed nude pictures of J.P. Evidence of how the pictures came to be on Mr. Presley's computer similarly has not been presented. *See* Dkt. 52 ("Instead, after learning from his then-wife that J.P. had taken the pictures, Presley must have deliberately copied them from J.P.'s computer and stored them on his own computer along with his child pornography collection."). Fourth, Mr. Presley's knowledge is an element of the Government's burden of proof, and the act

ORDER - 5

1 of possessing nude pictures of his minor daughter is sufficiently similar to the act of
2 possessing downloaded child pornography. On the whole, the Court concludes that the
3 evidence is admissible under Rule 404(b).

4 Even though this evidence is admissible as a prior act, the risk of prejudice
5 substantially outweighs the limited probative value of the evidence. *See* Fed. R. Evid.
6 403. There is a danger that this evidence will prejudice the jury against Mr. Presley. There
7 is an even greater danger that the jury will use this evidence to prove character and
8 conformity and will punish Mr. Presley for possessing nude pictures of his daughter by
9 finding him guilty of possessing child pornography.

## III. TRANSCRIPT AND RECORDING OF MS. PRESLEY'S 911 CALL

11 The Government seeks to admit a transcript and recording of Lorrie Presley's 911
12 call. Dkt. 49. During the call, Ms. Presley reported that she was afraid of Mr. Presley and
13 that he was deleting child pornography off of his computer. Dkt. 89-2. The Government
14 admits that Ms. Presley's statements constitute hearsay but contends that they fall within
15 exceptions to the hearsay rule. As explained below, the Court concludes that Ms.
16 Presley's statements are admissible as present sense impressions and excited utterances
17 under Federal Rules of Evidence 803(1) and 803(2). In addition, admission of the
18 statements would not violate Mr. Presley's rights under the Confrontation Clause of the
19 Sixth Amendment.

### A. EXCITED UTTERANCE

21 The Government contends that Ms. Presley's statement falls within the excited
22 utterance exception to the hearsay rule. An excited utterance is a "statement relating to a
23 startling event or condition made while the declarant was under the stress of excitement
24 caused by the event or condition." Fed. R. Evid. 803(2).

25 Ms. Presley told the 911 operator that Mr. Presley was deleting child pornography
26 from his computer and that Mr. Presley was "scaring the crap out of" her. It is clear from
27 the recording that Ms. Presley was in a state of anxiety and distress as the events were

ORDER - 6

transpiring in her home and was seeking the intervention of law enforcement on an emergency basis, notwithstanding Ms. Presley's statements to police after the call was made. The Court is therefore persuaded that Ms. Presley's statements fall within the excited utterance exception to the hearsay rule.

**B.      PRESENT SENSE IMPRESSION**

Even if the excited utterance exception to the hearsay rule did not apply, the 911 recordings would be admissible under the present sense impression exception. Present sense impressions are not excluded by the hearsay rule. Fed. R. Evid. 803(1). A present sense impression is "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." *Id.*

In this case, Ms. Presley's statements described her husband's actions as she witnessed them. In the response, Defendant contends that Ms. Presley could not have personal knowledge of Mr. Presley's actions because there is no background noise to indicate Mr. Presley's presence. In the supplemental response, Defendant contends that Ms. Presley's statements to police indicate that she was describing past events in her 911 call. The Court has reviewed the audio recording and detects background noise that may indicate Mr. Presley's presence. In addition, Ms. Presley describes what her husband is doing "here" and "right now." Ms. Presley's statements describe what her husband was doing at the time and in her presence and therefore fall within the present sense impression exception. While Mr. Presley contends that Ms. Presley's statement should be afforded little weight because it was made during a period of "domestic strife," Ms. Presley's credibility and the weight to afford her statements are issues for the jury to decide when weighing all of the evidence and do not speak to the admissibility of Ms. Presley's statements.

**C.      CONFRONTATION CLAUSE**

The Confrontation Clause of the Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses

ORDER - 7

against him." U.S. Const. amend. 6. The clause has been interpreted to prohibit the admission of testimonial statements of a witness who will not appear at trial unless the witness is unavailable to testify and the defendant has had a prior opportunity to cross-examine the witness. Whereas testimonial statements are those made to aid a police interrogation in establishing past events, statements describing an on-going emergency are not testimonial. Here, Ms. Presley's statements to the 911 operator were not merely recounting past events but were instead recounting events as they occurred. Ms. Presley's statements were therefore nontestimonial and do not violate the Confrontation Clause.

## IV. CONCLUSION

By filing motions seeking the *admission* of evidence, the Government has put the Court in the unusual position of ruling that certain pieces of evidence are not inadmissible. The Court is not yet in the position of admitting evidence, however. Even to the extent that the motions are granted, admission of the proffered evidence will be contingent upon the Government laying a proper foundation and otherwise complying with the Federal Rules of Evidence.

## V. ORDER

Therefore, it is hereby

**ORDERED** that the Government's Motion In Limine to Admit Evidence of Defendant's Sexual Interest in Children (Dkt. 52) is **GRANTED in part** and **DENIED in part** as provided herein, and the Government's Motion in Limine to Admit 911 Recording and Transcript (Dkt. 49) is **GRANTED**.

DATED this 16th day of December, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 8